IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
MDL NO. 1334
Master File No. 0-1334-MD-Moreno

IN RE: MANAGED CARE LITIGATION

CASE NO.: 1:02-CV-22065-FAM

MARTIN J. RUTT, D.D.S., and
MICHAEL EGAN, D.D.S., on behalf of
themselves and others similarly situated,

                Plaintiffs,

v.

ANTHEM HEALTH PLANS, INC.,
d/b/a/ ANTHEM BLUE CROSS AND BLUE
SHIELD OF CONNECTICUT,

                Defendant.

## ORDER APPROVING SETTLEMENT, CERTIFYING CLASS, AND DIRECTING ENTRY OF FINAL JUDGMENT

The Court having reviewed and considered the Joint Motion for Final Order and Judgment filed on August 2, 2012, and having reviewed and considered the terms and conditions of the proposed settlement (the "Settlement") as set forth in the Settlement Agreement dated January 30, 2012 (the "Settlement Agreement"), a copy of which has been submitted to the Court, in relation to in the action styled *Martin J. Rutt, D.D.S. and Michael Egan, D.D.S., individually and on behalf of all others similarly situated v. Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut*, Case

1

No. 1:02-CV-22065-FAM (the "Class Action Litigation" or "Action"); having reviewed and considered the applications of considered the applications of Class Counsel for an award of attorneys' fees and expenses and for an award of fees to Class Representatives; having held a Settlement Hearing after being satisfied that due notice of said hearing has been given to the Class in accordance with the Court's Preliminary Approval Order (the Preliminary Approval Order and Settlement are incorporated herein by reference) and that said notice was adequate and sufficient in accordance with the Preliminary Approval Order; having taken into account any objections submitted prior to the Settlement Hearing in accordance with the provisions of the Preliminary Approval Order and the presentations and other proceedings at the Settlement Hearing; and having considered the Settlement in the context of all prior proceedings had in this Class Action Litigation, the Court makes the following FINDINGS:

  A. The Court has jurisdiction over the subject matter of this Class Action Litigation pursuant to 28 U.S.C. § 1331 and 1367, and all acts within this Class Action Litigation, and over all the parties to this Class Action Litigation, and all members of the Settlement Class.

  B. Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

  C. The Settlement Class conditionally certified in the Preliminary Approval Order appropriately has been certified for settlement purposes. Class Counsel and Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

      D.     Notice to members of the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice: (i) constituted the best notice that was practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Class Action Litigation, of all material elements of the proposed Settlement, of their opportunity to object and to appear at the Settlement Hearing or to exclude themselves from the Settlement, and the binding effect of a class judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to all Settlement Class Members; (iv) provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; and (v) fully complied with the requirements of due process and the Federal Rules of Civil Procedure.

      E.     The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement, has been advised of any and all objections to the Settlement and has given fair consideration to such objections. Each of the objections is overruled.

      F.     The Settlement is the product of good faith, arm's length negotiations between Class Representatives and Class counsel, on one hand, and Anthem Health Plans, Inc. ("Anthem" or "Defendant"), on the other hand.

      G.     The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate and proper and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered the record in its entirety and heard the arguments of counsel for the Parties and all other Persons seeking to comment on the proposed Settlement. In addition, the Court has considered a number of factors,

including: (i) an assessment of the likelihood that the Class Representatives and/or the Settlement Class would prevail at trial; (ii) the range of possible recovery available to such plaintiffs as a result of such a trial; (iii) the consideration provided to members of the Settlement Class pursuant to the Settlement, as compared to the range of possible recovery discounted for the inherent risks of litigation; (iv) the complexity, expense and possible duration of such litigation in the absence of a settlement; (v) the nature and extent of any objections to the Settlement; and (vi) the stage of proceedings at which the Settlement was reached. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

H. A full opportunity was afforded to the Settlement Class Members to participate in, comment on, opt out and/or object to the Settlement, notice and claims procedure. A list of those members of the Settlement Class who have timely elected to opt out of the Settlement and the Class and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, this Order and the Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court as an exhibit to the Affidavit of the Settlement Administrator sworn to on August 2, 2012. A copy of such exhibit is attached hereto as **Exhibit 1** and is incorporated by reference herein. All other members of the Settlement Class (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order and the Judgment to be entered by the Clerk of the Court.

I. The bar order provision of this Order, which prohibits the assertion of claims against Anthem, as set forth below, is a condition of the Settlement and a

4

significant component of the consideration afforded to Anthem in the Settlement, and that provision is reasonable under the circumstances.

J. The dismissal with prejudice and entry of Judgment contemplated by the Settlement and this Order will dispose of all of the claims at issue, or parties to, this Class Action Litigation. The Court finds that there is no just reason for delay in entering judgment in the form attached hereto (the "Judgment") dismissing the Action with prejudice as to Defendant and that entry of the Judgment to that effect, as directed below, is warranted under Rule 54(b) of the Federal Rules of Civil Procedure.

On the basis of the foregoing findings and the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## Certification of the Class and Approval of Settlement

1. Based on the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto, as well as the Settlement set forth in the Settlement Agreement, this Court finds that the Settlement and Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class, and the applicable requirements of due process and Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement Class and the proposed Settlement. The objections to the Settlement and the Settlement Agreement are overruled and denied in all respects.

2. The Settlement Class is certified under the applicable provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for purposes of settlement only. Specifically, this Court finds that, with regard to the proposed Settlement Class, Rule

23(a) is satisfied in that (1) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class; (3) Class Representatives' claims are typical of the claims of the members of the Settlement Class; and (4) Class Counsel and Class Representatives have fairly and adequately protected the interests of the Settlement Class. 1/ Furthermore, with regard to the proposed Settlement Class, Rule 23(b)(3) is satisfied in that the issues of law and fact that are common to the Class predominate over those affecting individual Class members and a class action is the superior method to adjudicate those claims. For the purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), solely with respect to the Defendant in the Class Action Litigation, this action is permanently certified as a class action on behalf of the following persons (the "Settlement Class"):

> all Participating Providers who provided any services to any individual enrolled in or covered by a Dental and/or Dental Plans issued or administered by Anthem Health Plans, Inc. pursuant to any Provider Contract(s) in force at any time during the period April 15, 1996 through April 14, 2002 (the "Class Period"). 2/

---

1/   The Court notes that because certification is for settlement purposes only, and not for litigation purposes, the Court need not consider whether the case, if tried, would present intractable manageability problems.

2/   As defined in the Settlement Agreement and used herein, "Participating Provider" means any dentist, or Provider Group (that is, two or more dentists, and those claiming by or through them, who practice under a single taxpayer identification number), Provider Organization (that is, association, partnership, corporation, or other form of organization that arranges for dental care to be provided to individuals enrolled in or covered by a Dental Plan), or other entity that entered into or provided services pursuant to a Provider Contract. "Provider Contract" means every Participating Dentist Agreement between Blue Cross & Blue Shield of Connecticut, Inc. or Anthem Health Plans, Inc., and any Participating Provider that was in force at any time between April 15, 1996 and April 14, 2002, including the Blue Cross & Blue Shield of Connecticut, Inc. Agreements attached to the Complaint and any contracts similar to them.

6

The persons identified on the list submitted to the Court (and attached hereto as **Exhibit 1**) as having timely and properly opted out from the Settlement and Settlement Class are hereby excluded from the Settlement and Settlement Class and shall not be entitled to any of the monetary or other benefits afforded to the Settlement Class under the Settlement Agreement.

3. For purposes of the Settlement only, Class Representatives are certified as representatives of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Class Counsel and Class Representatives have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

4. This certification is for settlement purposes only and shall not constitute, and shall not be construed as an admission on the part of the Defendant that the Action, or any other proposed or certified class action is appropriate for any other purpose, including, without limitation, for trial class treatment. Entry of this Order is without prejudice to the rights of Defendant to: (a) oppose class certification in this Action, and seek decertification or modification of the Settlement Class as certified, should the settlement not be approved or implemented for any reason; or (b) terminate the Settlement Agreement as provided in the Settlement Agreement.

5. Notwithstanding the certification of the foregoing Settlement Class and appointment of Class Representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated in accordance with the provisions of the Settlement Agreement or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of Class

Representatives shall be void and of no further effect and the Parties to the Settlement shall be returned to their respective status as of September 1, 2011, without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval to the Settlement and has found that it is fair, reasonable and adequate, and in the best interests of the Settlement Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the terms of the Settlement Agreement.

## Release and Injunctions Against Settled Claims

7. It is hereby ordered that the Release as set forth in the Settlement Agreement shall have full force and effect. Consequently, by entry of this Order and Judgment, each Settlement Class member shall, as set forth below, be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Settled Claims, as that term is defined in the Settlement Agreement and below, that the Class Representatives and Settlement Class Members may have against Defendant.

8. Defendant, which shall include Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut and each of its past, present and future successors, predecessors, parents, related organizations, subsidiaries, divisions, departments, or affiliates and any of their past, present and future officers, directors, stockholders, partners, agents, attorneys, servants, subrogees, insurers, employees, representatives, and assigns, shall be released and forever discharged by Plaintiffs, which shall include Class Representatives and all Settlement Class Members who have not

validly and timely requested to opt out of this Settlement Agreement, and their respective heirs, executors, agents, legal representatives, professional corporations, partnerships, assigns, and successors, but only to the extent such claims are derived by contract or operation of law from the claims of Settlement Class Members, from any claim, liability, right, demand, suit, obligation, damage, including consequential damages, losses or costs, punitive damages, attorneys' fees and costs, actions or causes of action, of every kind or description that Plaintiffs have, had, or may have against Defendant, whether known or unknown, suspected or unsuspected, asserted or unasserted, accrued or which may hereafter accrue, regardless of legal or equitable theory and the type of relief or damages claimed, arising out of or in any way related to claims submitted for services rendered between April 15, 1996 and April 14, 2002.

9. The claims and rights released and discharged pursuant to paragraph 8 above shall be referred to collectively as "Settled Claims."

10. Settlement Class Members are permanently enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Settled Claims against Defendant; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against Defendant based on, involving, or incorporating, directly or indirectly, any or all Settled Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration,

administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action taken by Defendant, which is in compliance with the provisions of the Settlement Agreement, violates any legal right of any member of the Settlement Class.

11. In addition to the above, Settlement Class Members and each of them are deemed to have agreed and covenanted not to sue or prosecute, institute or cooperate in the institution, commencement, filing, or prosecution of any suit or proceeding in any forum based upon or related to any of the Settled Claims against Defendant.

12. Notwithstanding any other provision of this Order or the Settlement Agreement, nothing in this Order or the Settlement Agreement shall be deemed to in any way impair, limit, or preclude Plaintiffs' rights to enforce any provision of the Settlement Agreement, or any court order implementing the Settlement Agreement, in a manner consistent with the terms of the Settlement Agreement. Further notwithstanding any other provision of the Order or the Settlement Agreement, nothing in the Agreement shall be deemed to in any way to impair, limit, or preclude each Class Members' rights to bring a claim (whether in litigation, arbitration, or administratively) under a Participating Provider Agreement with Defendant that was effective after April 15, 2002.

13. If Class Representatives, the Settlement Class or any Settlement Class Members pursue claims not released and enjoined by this Order and the Settlement Agreement against any person or party for damages allegedly caused by Defendant, any finding, judgment, opinion or other result from such proceeding under any circumstances (i) shall not be deemed, construed or asserted as a finding, judgment, opinion or result against Defendant; (ii) shall not be deemed, construed or asserted as res judicata, collateral estoppel or similar doctrines against Defendant; and (iii) shall not be admitted

or considered as evidence against or used for any purpose against Defendant in any judicial, administrative, regulatory, arbitration proceeding or any other forum.

14. With respect to all Settled Claims, Plaintiffs agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Each Settlement Class Member who has not validly and timely requested to opt out of this Agreement may hereafter discover facts related to any known or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from, or are related to the Class Action Litigation, but each such Settlement Class Member hereby expressly waives and fully, finally and forever settles and releases, upon the entry of Final Order and Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Sections 1.30, 8.15 and 8.16 of the Settlement Agreement, whether or not concealed or hidden, without regard to the discovery or existence of such different or additional facts.

15. All Persons who are, have been, could be, or could have been alleged to be joint tortfeasors, co-tortfeasors, co-conspirators, or co-obligors with the Defendant

respecting the Settled Claims or any of them, are hereby, to the maximum extent permitted by law, barred and permanently enjoined from making, instituting, commencing, prosecuting, participating in or continuing any Claim, claim-over, cross-claim, action, or proceeding, however denominated, regardless of the allegations, facts, law, theories or principles on which they are based, in this Court or in any other court or tribunal, against the Defendant with respect to the Settled Claims, including without limitation equitable, partial, comparative, or complete contribution, set-off, indemnity, assessment, or otherwise, whether by contract, common law or statute, arising out of or relating in any way to the Settled Claims.  All such claims are hereby fully and finally barred, released, extinguished, discharged, satisfied, and made unenforceable to the maximum extent permitted by law, and no such claim may be commenced, maintained, or prosecuted against Defendant.  Any judgment or award obtained by a Settlement Class Member or other Plaintiff against Defendant or third party shall be reduced by the amount or percentage, if any, necessary under applicable law to relieve Defendant or third party of all liability on such barred claims.  Such judgment reduction, partial or complete release, settlement credit, relief, or setoff, if any, shall be in an amount or percentage sufficient under applicable law as determined by the Court to compensate Defendant or third parties for the loss of any such barred claims against Defendant. Where the claims of a person who is, has been, could be, or could have been alleged to be a joint tortfeasor, co-tortfeasor, co-conspirator or co-obligor with Defendant respecting the Settled Claims have been barred and permanently enjoined by this Paragraph 15, the claims of Defendant against that person respecting those Settled Claims are similarly

fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law.

16.     In accordance with the terms of the Settlement Agreement, the Settlement Class Members and Class Counsel are barred from pursuing discovery against Defendant in the Action and in any action brought by or on behalf of members of the Settlement Class that asserts any claim that as of the date of this Order would constitute a Settled Claim that has been, or will in the future be assigned to this Court under MDL Docket No. 1334. It is the intent of the Defendant to limit, to the maximum extent appropriate under law, further discovery burdens on Defendant in this Action.

## Applications for Attorneys' Fees and Class Representatives' Fees

17.     The Court has reviewed the application for an award of fees and expenses submitted by Class Counsel and the exhibits, memoranda of law and other materials submitted in support of that application. The Court recognizes that in the Settlement Agreement, Defendant has agreed not to oppose an award of fees and expenses to Class Counsel up to six hundred fifty thousand Dollars ($650,000.00), to be paid by Defendant up to that amount. This amount is included in the monetary consideration and other benefits to be provided to members of the Settlement Class under the Settlement Agreement. On the basis of its review of the foregoing, the Court hereby finds the requested award of attorneys' fees to be fair and reasonable under the applicable legal standards and awards fees and expenses to Class Counsel in the aggregate amount of $ _600,000_ to be paid by Defendant, through the Settlement Administrator, in accordance with the provisions of the Settlement Agreement.

18.    The Court has also reviewed the application for a fee award to Class Representatives. The Court recognizes that, in the Settlement Agreement, Defendant has agreed not to oppose an award of fees up to fifty thousand Dollars ($50,000.00) in the aggregate for the Class Representatives, to be paid by Defendant up to that amount. This amount is included in to the monetary consideration and other benefits to be provided to members of the Settlement Class under the Settlement Agreement. On the basis of its review of the foregoing, the Court hereby finds the requested fee award to Class Representatives to be fair and reasonable under the applicable legal standards and awards a fee of $ 45,000 ($25,000 + $20,000) in the aggregate to the Class Representatives, to be paid by Defendant in accordance with the provisions of the Settlement Agreement.

19.    The effectiveness of this Order and Final Judgment and obligations of the Parties under the Settlement Agreement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Class Counsel's application of an award of attorneys' fees and reimbursement of expenses or the award of fees to the Class Representatives.

## Other Provisions

20.    Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements, communications or proceedings in connection therewith, including the Court's certification of the Settlement Class and appointment of Class Representatives for settlement purposes only, shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, Class Counsel, any members of the Settlement Class, Defendant or any other Person of any liability or wrongdoing by them, or that the claims and defenses that have been, or

could have been, asserted in this Action are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Class Representatives, any member of the Settlement Class, or any other person has or has not suffered any damage; provided, however, that the Settlement Agreement, this Order and the Judgment to be entered thereon may be filed in any action by any Party seeking to enforce the Settlement Agreement or the Judgment by injunctive or other relief, or by Defendant to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The terms of the Settlement Agreement and of this Order and the Judgment shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings that are subject to the Release and other prohibitions that are set forth in paragraphs 7 through 16 and 20 through 22 of this Order that are maintained by, or on behalf of, the Settlement Class Members or any other Person subject to those provisions of this Order.

21.     In the event that the Final Approval cannot occur, or the Settlement Agreement is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void, subject to Section 8.34 of the Settlement Agreement.

22. Within thirty (30) days of entry of this Order, with no appeal having been filed, Defendant is ordered relieved of any and all obligations to preserve documents under common law or any order of this Court.

### Entry of Judgment; Continuing Jurisdiction

23. The Clerk of the Court is directed to enter the Judgment in the form attached to this Order dismissing this Class Action Litigation (and any and all claims asserted herein at any time) in its entirety as to Anthem Health Plans, Inc., with prejudice pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

24. Without in any way affecting the finality of this Order and the Judgment, this Court hereby retains exclusive and continuing jurisdiction and authority over this litigation, the Parties and all Plaintiffs until the Settlement Agreement and the Settlement and all transactions contemplated therein are completed, and thereafter for the purpose of construing and enforcing the Settlement Agreement and any relief thereunder, including the enforcement of the injunctions described in paragraphs 10, 15, and 16 of this Order.

SO ORDERED this _2_ day of _November_, 2012.

_____
HON. FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
MDL NO. 1334
Master File No. 0-1334-MD-Moreno

| |
|---|
| IN RE: MANAGED CARE LITIGATION |
| CASE NO.: 1:02-CV-22065-FAM |
| MARTIN J. RUTT, D.D.S., and MICHAEL EGAN, D.D.S., on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ANTHEM HEALTH PLANS, INC., d/b/a/ ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT,<br><br>        Defendant. |

## JUDGMENT DISMISSING DEFENDANT WITH PREJUDICE

In accordance with, and for the reasons set forth in the Order Approving Settlement, Certifying Class and Directing Entry of Final Judgment, entered on _November 22d_, all claims against Defendant in the above-captioned action are dismissed with prejudice as to the Class Representatives and as to all Settlement Class members pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, provided that the claims of those Settlement Class members who elected to opt out of the Settlement Class are dismissed without prejudice.

17

Date: _November 2, 2012_

_[signature]_
~~Clerk of Court~~
U.S.D.J. MORENO

c: All counsel of Record